IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                                              **CRIMINAL NO. 2:24-cr-00157**

**JASON ALLEN RHULE**

### SENTENCING MEMORANDUM OF THE UNITED STATES

COMES NOW the United States of America, by Lesley Shamblin, Assistant United States Attorney for the Southern District of West Virginia, and files this memorandum in aid of sentencing in the above-styled case. For the reasons explained herein, the United States respectfully requests that this Court impose a sentence within the Guidelines range of 57-71 months, followed by a three-year term of supervised release.

**I.   BACKGROUND**

On February 26, 2025, Jason Allen Rhule ("Defendant"), without the benefit of a written plea agreement, pled guilty to the single-count Indictment in this case, which charged him with one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (ECF Nos. 1, 43, 45, 47.) The Presentence Investigation Report ("PSR") prepared by the United States Probation Office ("USPO") for the Southern

District of West Virginia calculated Defendant's total offense level at nineteen and his criminal history category at V, resulting in a Guidelines range of 57-71 months of imprisonment. (PSR ¶¶ 36, 48, 93.) The United States agrees with this calculation.

## II. OUTSTANDING OBJECTIONS TO PSR

Defendant made three objections to the PSR, but only one requires this Court's resolution at sentencing. (See ECF No. 52 at 1.) Defendant asks this Court to proactively apply the 2025 revisions to the Guidelines regarding supervised release terms and impose only a one-year term of supervised release in this case. Beyond the fact that the Guidelines are not to be applied piecemeal, see U.S.S.G. §1B1.11(b)(2), Defendant plainly needs to be supervised for more than one year. He is now a four-time convicted felon, and all of those felonies have been committed since 2017. This case is the second instance when he has engaged in criminal behavior while on parole from state charges. A full three-year term of supervised release is appropriate.

## III. 18 U.S.C. § 3553(a) SENTENCING FACTORS

In assessing the 18 U.S.C. § 3553(a) sentencing factors, the United States respectfully requests that this Court consider the following:

(1)  **Nature and Circumstances of the Offense.**

On July 24, 2024, West Virginia parole officers went to Defendant's home, where he lived with his mother, for a compliance check. (PSR ¶ 6.) At the time, Defendant was on parole for his convictions for attempted manufacture of marijuana and attempted grand larceny. (PSR ¶¶ 6, 44, 45.) When the parole officers arrived, Defendant's mother let them in the house, and they found Defendant in his bedroom with two guns. (PSR ¶ 8.) One of the guns, a pistol loaded with blanks, was on the bed where he was sitting, and the other gun, an assault-style rifle with a bullet in the chamber, was leaning up against the wall. (PSR ¶ 8.) The parole officers also found loaded magazines, including three high-capacity magazines for the assault-style rifle, in the bedroom. (PSR ¶ 8.) Defendant was prohibited from possessing firearms not only due to his prior felony convictions but also under his parole conditions. (PSR ¶¶ 7, 9.)

After his arrest, Defendant called his mother from the jail and tried to get her to claim the guns as her own. (PSR ¶ 14.) However, when he was interviewed by ATF on August 2, 2024, Defendant admitted the guns were his and that he knew he was not allowed to have them. (PSR ¶ 18.) When asked where he got the guns, Defendant stated that an ex-girlfriend bought the pistol for him

3

several years prior,[1] and he traded a chainsaw for the rifle in May 2024. (PSR ¶ 18.)

**(2)** <u>**History and Characteristics of the Offender.**</u>

Defendant is forty-five years old. (PSR ¶ 64.) By his own account, he had "an excellent childhood" and was raised by both parents. (PSR ¶ 67.) He has been around guns for most of his life and is an avid hunter. (PSR ¶ 67.)

Defendant struggled in school and dropped out when he was in the tenth grade. (PSR ¶ 64.) He began experimenting with drugs when he was in high school. (PSR ¶ 75.) Until his arrest in this case, he had used methamphetamine daily for approximately eight or nine years. (PSR ¶ 75.) He briefly attended substance abuse treatment in 2022, but he did not complete the program. (PSR ¶ 77.)

Defendant's substance abuse undoubtedly contributed to his criminal conduct. Prior to securing his first felony conviction in 2018, Defendant was employed at various construction-adjacent jobs for much of his adult life. (PSR ¶¶ 84-89.) His criminal history during that time was relatively minor, with a few convictions for simple possession and driving while suspended. (PSR ¶¶ 38-42.) However, since then, Defendant has been convicted of four felonies

---

[1] Although Defendant stated that the gun had been purchased before he became a felon, the firearm trace for the gun showed that it was purchased in July 2020, shortly after Defendant was released on parole from his first felony conviction. (PSR ¶¶ 10, 18, 43.)

and spent approximately four years behind bars. (PSR ¶¶ 3, 43–45.) He has twice been paroled and twice violated his parole by committing new criminal conduct. (PSR ¶¶ 43–45.) When he was on parole for conspiracy to commit grand larceny after stealing a trailer and two mowers from a store, he tried to grow marijuana plants at his house and then tried to destroy them when he saw a police helicopter flying over. (PSR ¶¶ 43–44.) He was on parole for the attempted manufacture of a controlled substance conviction from that conduct and a later attempted grand larceny conviction for stealing a hot water tank and a furnace from a vacant rental property when he committed the offense he has pled guilty to in this case. (PSR ¶¶ 44–45.)

### (3) Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Provide Adequate Deterrence, and Protect the Public.

A Guidelines sentence would accomplish each of these goals. Defendant committed a serious offense that not only violated the law but also violated his parole conditions. Even though he knew he couldn't possess firearms, he affirmatively sought them out and should be punished for that. He claimed that he needed the guns to protect his family, but around the time of his arrest, he expressed only a general fear of immigrants, rather than an immediate threat to his or his family's safety. Defendant had the guns with him in his bedroom, and he was sitting on the bed with the pistol when

5

the parole officers showed up. Although Defendant did not use the guns against them, the opportunity was there nonetheless. The loaded high-capacity magazines that were strewn around the bedroom meant that he would have had plenty of ammunition had he chosen to respond violently to their presence.

Instead of serving as a wake-up call to stop using drugs and return to a law-abiding life, Defendant's first felony conviction in 2018 was only the start of what has become a lifestyle of criminal behavior. He has yet to successfully complete a term of parole without being revoked for new criminal charges, and his relatively short prison sentences have done nothing to deter him from further unlawful conduct. Defendant's criminal history category appropriately reflects the escalating seriousness of his criminal behavior and does not warrant a downward variance from the applicable Guidelines range.

Defendant likewise has not addressed his substance abuse issues. He attended treatment for just a week in 2022 and has not sought other treatment. He has represented to the USPO that he does not want to participate in treatment while serving his sentence in this case. If Defendant does not stop using drugs, he will not stop committing crimes, either. A Guidelines sentence and an appropriate term of supervised release are necessary to allow

him to seek treatment and protect the public from him until he does that.

### (4) Available Sentences and Applicable Guidelines Range.

The statutory maximum term of imprisonment is fifteen years, with no applicable mandatory minimum. If this Court agrees with the total offense level and criminal history category calculations in the PSR, Defendant's Guidelines range is 57-71 months of imprisonment.

### (5) Restitution.

There is no identifiable victim entitled to restitution in this case.

## IV. WITNESSES AND TIME FOR HEARING

The United States does not anticipate calling any witnesses during the sentencing hearing. The United States anticipates the hearing will last no more than an hour.

## V. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court impose a Guidelines sentence, followed by a three-year term of supervised release.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

/s/Lesley Shamblin
LESLEY SHAMBLIN
Assistant United States Attorney
WV Bar No. 12975
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: Lesley.Shamblin@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 11th day of June, 2025, to:

    David R. Bungard, FAFPD
    Office of the Federal Public Defender
    300 Virginia Street, East
    Room 3400
    Charleston, WV 25301
    Email: David_Bungard@fd.org

    /s/Lesley Shamblin
    LESLEY SHAMBLIN
    Assistant United States Attorney
    WV Bar No. 12975
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone: 304-345-2200
    Fax: 304-347-5104
    Email: Lesley.Shamblin@usdoj.gov